## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**JIMMY ANTHONY**                                                                   **PLAINTIFF**

**VS.**                                      **CIVIL ACTION NO. 3:23-cv-00132-KHJ-MTP**

**JONATHON WELKER, JACOB LANG,**
**AND CITY OF PEARL, MISSISSIPPI**                                **DEFENDANTS**

### DEFENDANT CITY OF PEARL'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Defendant Jacob Lang objects and responds to Plaintiff Jimmy Anthony's First Set of Interrogatories and Requests for Production as follows. These responses reflect Defendant's best understanding of the facts to date, in light of reasonable inquiries that have been made. Defendant reserves the right to supplement or amend their responses as necessary.

### INTERROGATORIES

**INTERROGATORY 1:** Identify by name and title of employment the person or persons providing information responsive to these interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:** Defendant objects to this Interrogatory as seeking irrelevant information. To the extent not objectionable, Defendant's counsel answered these Interrogatories with the assistance of Lt. Billy Hudson and Frank Hutton, IT Director.

**INTERROGATORY 2:** Please identify the full name, address, and contact information of each person who may have knowledge of discoverable matter in this case.

**RESPONSE TO INTERROGATORY NO. 2:** Defendant objects to this Interrogatory on the grounds that it is vague as to the phrase "may have knowledge of discoverable matter in

PD.42294705.1

**INTERROGATORY 10:** With regard to video/audio recording equipment within the Pearl Police Department, if it is alleged that certain equipment was not operational on April 30, 2022, (e.g. the hallway camera for the hallway where Defendant Welker led Plaintiff out of the booking area, or the microphone for the booking area) then state the following with regard to each piece of equipment: (1) the date on which it was discovered to be non-operational; (2) the identity of the person making such discovery; (3) the identity of the person or entity who repaired the equipment; (4) the date on which the equipment was repaired; and (5) the diagnosed problem with the equipment which rendered it non-operational.

**RESPONSE TO INTERROGATORY NO. 10:** Defendant objects to this Interrogatory to the extent it seeks information regarding any non-function video/audio recording equipment throughout the entire police department. To the extent not objectionable, (1) On or around the 9th of May, 2022, it was brought to Frank Hutton's attention the audio was not working in the booking area, as well as the camera video/audio in the court holding hallway. (2) Asst. Chief Amanda Thomasson brought the problem to my attention while attempting to access the recorded video. (3) Frank Hutton, IT Director along with Gregg Cupstid, IT Support. (4) May 9th, 2022 as documented in the closed work order. (5) In the main booking area of the Police Department, the external microphone, model #DS-2FP2020, connected to the Hikvision 360 camera, model #DS-2CD2935FWD-I(S), had failed which caused a loss in recorded audio. In the court holding hallway, the IQEye camera, model # IQD41S, had a complete failure which caused it to no longer function.