UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JIMMY ANTHONY                                                                         PLAINTIFF

V.                                             CIVIL ACTION NO. 3:23-CV-132-KHJ-MTP

JONATHON WELKER, et al.                                                      DEFENDANTS

ORDER

Before the Court is Defendant the City of Pearl's [96] Motion for Summary Judgment. The Court grants the motion.

I.   Background

This case arises from alleged police brutality.

In April 2022, Plaintiff Jimmy Anthony was arrested for domestic violence and violation of a no-contact order. Incident Report [96-2]. Officers took him to the City of Pearl Police Department for booking. *Id.* They then led Anthony to a hallway, where the police department's video and audio were "not working." Anthony Dep. [96-3] at 9; City's Resp. to Interrogs. [99-2] at 2.

The parties dispute what happened next. Anthony says that one officer, Defendant Jacob Lang, "put his hand in [Anthony's] face and slammed [Anthony's] head into the brick wall." [96-3] at 9. Another officer, Defendant Jonathon Welker, then allegedly took Anthony into a bathroom. *Id.* According to Anthony, Welker said: "Now I'm going to hit you. . . . Are you going to take it like a man or like a bitch?" *Id.* at 9–10. Anthony says that Welker then punched him "at least 30 times,"

until Welker was out of breath. *Id.* at 10–11. Anthony allegedly suffered broken ribs, a hemothorax, a hematoma, and a scalp contusion. City's Mem. [97] at 3; Pl.'s Resp. [99] at 1. For their part, the officers deny assaulting Anthony. *See* Lang Dep. [96-6] at 2; Welker Dep. [96-5] at 2.

Anthony brought this Section 1983 lawsuit against Lang, Welker, and the City of Pearl. Compl. [1]. After discovery, the City moved for summary judgment, arguing that Anthony lacked evidence supporting a *Monell* claim. *See* [97].[1] Anthony then "concede[d] the summary judgment motion," given the "stringent legal standard of *Monell* liability." [99] at 2.

II.  Standard

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When a defendant moves for summary judgment and identifies a lack of evidence to support the plaintiff's claim on an issue for which the plaintiff would bear the burden of proof at trial, then the defendant is entitled to summary judgment unless the plaintiff is able to produce summary judgment evidence sufficient to sustain a finding in plaintiff's favor on that issue." *Smith v. Harris Cnty.*, 956 F.3d 311, 316 (5th Cir. 2020) (cleaned up).

III.  Analysis

Summary judgment is proper. "To overcome summary judgment on a municipal liability claim, a plaintiff must . . . demonstrate a dispute of fact as to

---

[1] Defense counsel concedes that "there are factual disputes that do not lend themselves to summary judgment on behalf of the [officers]." [97] at 1.

three elements: that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019) (cleaned up). The City argues that Anthony has "no evidence of . . . a policy or custom." [97] at 1. Anthony concedes as much. *See* [99] at 2. With appreciation for counsel's candor, the Court grants the City's motion for summary judgment.

IV.  Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS Defendant the City of Pearl's [96] Motion for Summary Judgment.

SO ORDERED, this 24th day of July, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE